IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WERNER ENTERPRISES, INC.,

Plaintiff,

vs.

SMC TRANSPORT, LLC and UNITED SPECIALTY INSURANCE COMPANY,

Defendants.

**8:20CV164**

**MEMORANDUM AND ORDER**

This matter is before the Court on Werner's motion for summary judgment on damages, Filing No. 91, on defendant Werner's offer of judgment, Filing No. 94, and on the parties' respective motions in limine, Filing Nos. 95 and 107. This is an action for breach of contract. Jurisdiction is based on 28 U.S.C. § 1332.

I. FACTS

In its amended complaint, Werner Enterprises, Inc. ("Werner") alleges that the defendants wrongfully refused to defend and/or indemnify Werner in connection with a wrongful death action ("the Riggio action") litigated in Mississippi that involved a tractor owned by SMC Transport, LLC (SMC") pulling a trailer owned by Werner. Filing No. 50 at 6. Werner seeks recovery from defendants in an amount sufficient to compensate it for the costs and attorney fees incurred to defend itself in the Riggio action and also seeks recovery of the costs and attorney fees incurred in this case from defendant United Specialty Insurance Co. ("United Specialty") under Neb. Rev. Stat. § 44-359. Id. at 6–7. That statute provides for recovery of attorney fees in an action by an insured against its own insurance company, unless a plaintiff fails to obtain a judgment in excess of an insurer's offer of judgment. § 44-359.

This Court earlier granted summary judgment to Werner on liability, finding that Werner was an insured under the United Specialty insurance contract and was entitled to defense and indemnity from United Specialty in the Riggio action and that SMC was similarly contractually obligated by its contracts with Werner to indemnify Werner for the costs and fees incurred to defend the Riggio action. Filing No. 81, Memorandum and Order. Werner now moves for summary judgment on the issue of damages.

In support of its motion, Werner has shown that it paid attorney fees, costs and expenses in the amount of $231,288.88 in connection with defense of the Riggio action. Filing No. 93, Index of Evid., Filing No. 93-1, Ex. 1, Declaration of David Dunbar; Filing No. 93-2 to 93-5, Exs. A-D. It has also shown that the fees and costs were fair, reasonable and necessary for the defense of the Riggio lawsuit. Filing No. 93-6, Declaration of Linda Heim. The defendants have filed no response to the plaintiff's motion for summary judgment. Rather, they have filed an offer of judgment in the amount of $236,000.00.[1] Filing No. 94. The plaintiff has not accepted or otherwise responded to the offer of judgment.

The defendants' offer of judgment is conditioned upon the plaintiff's "unequivocal and unqualified acceptance of this Offer of Judgment in the amount of $236,000.00[,]" stating that if "Plaintiff seeks any additional assessment, award of costs, award of attorney fees, or additional amount from this Court (over and above the Offer of $236,000.00), this Offer of Judgment is deemed withdrawn." *Id.* at 2. Defendants candidly admit that the offer of judgment "is made with the intent of complying with and effectuating the operation of Neb. Rev. Stat.§ 44-359 which provides that if the Plaintiff fails to obtain judgment for

[1] That amount represents $231,888.88 in damages for the breaches of duties and $660.70 in costs accrued to date.

more than this Offer of Judgment, then the Plaintiff herein (Werner Enterprises, Inc.) shall not recover the attorney fees (referenced in § 44-359) as to the above captioned case." *Id.*

In a related filing, defendants move in limine to preclude evidence or argument in relating to the plaintiff's claim for attorney fees for this action under § 44-359. They seek a preliminary ruling that Werner cannot recover its attorney fees under § 44-359, arguing that their offer of judgment exceeds the amount the plaintiff can recover in damages and costs and thus precludes the plaintiff from recovery of the costs and attorney fees of this action. Werner responds that the defendants' offer of judgment does not exceed the plaintiff's, arguing that it will be entitled to prejudgment interest under at the rate of 12% under Neb. Rev. Stat. § 45-104 from and after December 19, 2019—when it made a demand on defendants—to the date of judgment in this action,[2] and will also be entitled to an award of fees under § 44-359. Werner argues that the defendants' position is contrary to the intent and purpose of § 44-359, which was designed to make the insured whole and to encourage timely payment of justified claims.[3] Defendants counter that Werner did not pray for prejudgment interest in its amended complaint. "Whether Werner is entitled to prejudgment interest and, if so, the amount of prejudgment interest to which

---

[2] That statute provides in relevant part that:

> Unless otherwise agreed, interest shall be allowed at the rate of twelve percent per annum on money due on any instrument in writing, or on settlement of the account from the day the balance shall be agreed upon, on money received to the use of another and retained without the owner's consent, express or implied, from the receipt thereof, and on money loaned or due and withheld by unreasonable delay of payment.
>
> § 45-104.

[3] Werner also argues that the plaintiff's offer of judgment and motion in limine are procedurally improper. The Court need not address these contentions in light of its resolution of this matter.

Werner is entitled on any judgment entered in favor of Werner" remains a controverted and unresolved issue in this action. Filing No. 108, Pretrial Order at 3.

Werner has also filed a motion in limine that relates to issues that could arise at trial. In light of this disposition, that motion will be denied as moot.

II. LAW

"Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting Fed. R. Civ. P. 56(c)(2)). The court views facts in the light most favorable to the nonmoving party and makes no determinations of credibility; nor does it weigh the evidence or draw inferences, as those functions belong to the jury. *Cottrell v. Am. Fam. Mut. Ins. Co., S.I.*, 930 F.3d 969, 971–72 (8th Cir. 2019). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

Under § 44-359, an insured who successfully brings an action against its insurance company is entitled to "a reasonable sum as an attorney's fee in addition to the amount of his or her recovery, to be taxed as part of the costs." However, the statute provides that a plaintiff is not entitled to attorney's fees "if the plaintiff fails to obtain judgment for more than [what] may have been offered by such company, person, or association in accordance with section 25-901." § 44-359. Both Neb. Rev. Stat. § 25-901 and Federal Rule of Civil Procedure 68 provide mechanisms by which a defendant may make an offer of judgment and then recover its post-offer costs should the plaintiff fail to obtain judgment

for more than the offer. *See* Neb. Rev. Stat. Ann. § 25-901; Fed. R. Civ. P. 68; *Marek v. Chesny*, 473 U.S. 1, 5 (1985) (stating that if a timely pretrial offer of settlement is not accepted and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay *the costs incurred after the making of the offer*."). "[T]he term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Id.* at 9 ("In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.'") The purpose of Rule 68 is to encourage settlements. *Marek*, 473 U.S. at 5.

The "Nebraska Supreme Court has held that 'if a statutory basis exists for an award of interest, . . . interest can be awarded even if the petition is silent as to a request for interest.'" *AVG Partners I, LLC v. Genesis Health Clubs of Midwest, LLC*, 307 Neb. 47 (2020) (quoting *Farm & Garden Ctr., L.L.C. v. Kennedy*, 26 Neb. App. 576 (2018). "Specifically requesting interest in the complaint is encouraged, because it clearly puts the opposing party on notice. But compliance with [the general rule of pleading requiring that if interest is claimed, the time from which it is to be computed shall be stated] is not determinative where entitlement to interest is based on statute and the adverse party had notice and an opportunity to be heard prior to judgment." *Id.* at 230. Furthermore, "[p]rejudgment interest is not a 'cost' in the narrow sense that [Federal Rule of Civil Procedure] 68 uses that term. Rather, it is part of the damages suffered by the plaintiff." *Miller v. Dugan*, 764 F.3d 826, 830 (8th Cir. 2014) (quoting *United States v. Am. Com. Barge Line Co.*, 988 F.2d 860, 864 (8th Cir. 1993)). Under Nebraska law,

> [T]he Legislature has created three separate ways to recover prejudgment interest, and none is preferred. Section 45-103.02(1) authorizes the recovery of prejudgment interest on unliquidated claims when the statutory preconditions are met, § 45-103.02(2) authorizes the recovery of

> prejudgment interest on liquidated claims, and § 45-104 authorizes the recovery of prejudgment interest on four categories of contract-based claims without regard to whether the claim is liquidated or unliquidated.

*Weyh v. Gottsch*, 303 Neb. 280 (2019).

III. DISCUSSION

The Court first finds that Werner's motion for summary judgment should be granted. Werner has established damages in the amount of $231,288.88 resulting from the defendants' breaches of duties. The defendants have not challenged the plaintiff's computation of the fees and costs incurred in connection with the defense of the Riggio action. *See* Filing No. 95, motion in limine; Filing No. 94, offer of judgment (conceding that Werner is entitled to $231,288.88 in damages, plus an additional $660.70 in costs accrued to date). Accordingly, the Court will enter judgment in favor of the plaintiff and against the defendants for compensatory damages in the amount of $231,888.88.

The plaintiff's entitlement to damages under § 44-359 is a separate question entirely. The relief afforded to an insured under that statute is essentially a separate claim. It is relief afforded over and above the damages for a breach of duties under an insurance contract. The Court rejects the defendants' contention that their offer of judgment serves to preclude the plaintiff from seeking the fees it is entitled to under § 44-359.

Contrary to the defendants' position, its offer of judgment does not exceed the judgment the plaintiff can recover. Though Werner did not expressly pray for prejudgment interest in its complaint, it is clearly entitled to interest in an action on a contract under Nebraska law. *See* *Weyh*, 303 Neb. 280 (holding that "§§ 45-103.02 and 45-104 are alternate and independent statutes authorizing the recovery of *314 prejudgment

interest.") The defendants have been on notice and have had an opportunity to be heard on the subject by virtue of these proceedings and because prejudgment interest was prayed for in the original complaint. An award of prejudgment interest is part of the damage award for the defendants' breaches. The defendants' offer of judgment does not provide any compensation for prejudgment interest and accordingly, it does not exceed the amount the plaintiff can recover in damages, even absent the consideration of attorney fees under Neb. Rev. Stat. Ann. § 44-359. Accordingly, the defendants' offer of judgment has no effect on the plaintiff's eventual judgment.

Because there is no dispute that this action is one against an insurer by its insured, Werner is entitled to recover the costs of this action, including attorney fees. Under *Marek*, 473 U.S. at 9–10, statutorily-authorized attorney fees are considered part of the costs of the action. The Court agrees that to allow the defendants to escape liability for the costs and attorney fees for this action would frustrate the purposes of § 44-359. The judgment ultimately obtained by the plaintiff will include pre- and postjudgment interest and will include the attorney fees mandated under § 44-359.

Werner asks the Court to grant its motion for partial summary judgment on damages and to allow Werner to file any appropriate motions including a motion for prejudgment interest and attorney's fees. The Court finds that procedure is appropriate. Accordingly,

IT IS ORDERED;

1. Werner's motion for summary judgment on damages (Filing No. 91) is granted.

2. The defendants' motion in limine (Filing No. 95) is denied.

3. The plaintiff's motion in limine (Filing No. 107) is denied as moot.

4. The plaintiff shall file a motion for prejudgment interest and attorney fees within two weeks of the date of this order; defendants shall respond within one week thereafter.

5. The plaintiff has established that it is entitled to damages on its claims for breaches of duties to defend and indemnify in the amount of $231,288.88.

6. The Court will enter a final judgment for compensatory damages in that amount, together with prejudgment interest and attorney fees at the conclusion of the parties' briefing.

Dated this 22nd day of December, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge